Eleventh Cir. No.: 15-13804-DD

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

CHEVRON MINING, INC.,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,
Respondent.

PETITION FOR REVIEW FROM THE UNITED STATES
DEPARTMENT OF LABOR BENEFITS REVIEW BOARD

---

## BRIEF OF PETITIONER CHEVRON MINING, INC.

---

John W. Hargrove
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 521-8000

Attorney for Petitioner
Chevron Mining, Inc.

November 10, 2015

1/3892444.2

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| CHEVRON MINING, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CASE NO.: 15-13804-DD |
| v. | ) | |
| | ) | |
| DIRECTOR, OFFICE OF | ) | |
| WORKERS' COMPENSATION | ) | |
| PROGRAMS, UNITED STATES | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

1.  Bradley Arant Boult Cummings LLP, law firm for petitioner

2.  Chevron Corporation, which owns 10 percent or more of the stock of Chevron Mining, Inc. and is publicly traded

3.  Henry Cherry, III, claimant

4.  John W. Hargrove, attorney for petitioner

5.  Chevron Mining, Inc.

6.  John R. Jacobs, attorney for claimant

7.  Maples, Tucker & Jacobs, LLC, law firm for claimant

8.  Office of Workers' Compensation Programs

9.  United States Department of Labor

OF COUNSEL

1/3892444.2                                    C-1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner Chevron Mining, Inc. ("CMI") does not request oral argument and does not believe that oral argument is necessary to resolve the issues in this case. CMI submits that both the legal standards and the record evidence are clear.

# **TABLE OF CONTENTS**

Page No.

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ................................................ i

TABLE OF CONTENTS ................................................................................... ii

TABLE OF CITATIONS .................................................................................. iii

STATEMENT OF JURISDICTION ................................................................... v

STATEMENT OF THE ISSUES ........................................................................ 1

STATEMENT OF THE CASE ............................................................................ 1

I.      COURSE OF PROCEEDINGS BELOW ............................................. 1

II.     STATEMENT OF FACTS .................................................................. 2

III.    THE AGENCY'S DECISION .............................................................. 7

IV.     STANDARD OF REVIEW ................................................................ 10

SUMMARY OF ARGUMENT ......................................................................... 11

ARGUMENT .................................................................................................. 12

I.      THE 15-YEAR PRESUMPTION .................................................... 12

II.     CMI'S REBUTTAL AS TO THE EXISTENCE OF CWP ................ 15

III.    CMI'S REBUTTAL AS TO CAUSATION ...................................... 17

IV.     CONCLUSION ............................................................................... 18

# TABLE OF CITATIONS

Page No.

**CASES**

Colley & Colley Coal Co. v. Breeding,
    59 Fed. Appx. 563 (4th Cir. 2003) ................................................................... 14

Kanipe v. Peabody Coal Co.,
    BRB No. 13-0512-BLA, 2014 WL 3388597 (June 11, 2014) ..................... 14, 15

Lollar v. Alabama By-Products Corp.,
    893 F.2d 1358 (11th Cir. 1990) ....................................................................... 10

Moore v. Clinchfield Coal Co.,
    BRB No. 13-0525-BLA, 2014 WL 3388599 (June 5, 2014) ....................... 15, 16

Oak Grove Resources v. OWCP,
    562 Fed. Appx. 836 (11th Cir. 2014). ............................................................. 14

Stiltner v. Island Creek Coal Co.,
    86 F.3d 337 (4th Cir. 1996) ............................................................................. 14

U.S. Steel Mining, Co. v. OWCP,
    386 F.3d 977 (11th Cir. 2004) ................................................................... 10, 11

**Statutes**

15 U.S.C. §1333 ..................................................................................................... 16

30 U.S.C. §921 ................................................................................................. 12, 13

30 U.S.C. §932 ..................................................................................................... 16

33 U.S. §921(2012) ................................................................................................. v

Administrative Procedures Act,
    5 U.S.C. §706. ................................................................................................. 10

Black Lung Benefits Act of 1969,
    30 U.S.C. §§901-945 .............................................................................. v, 1, 2

Longshore and Harbor Workers' Compensation Act,
    33 U.S.C. §921(c) ........................................................................... v

Patient Protection and Affordable Care Act,
    Pub. L. No. 111-148, §1556, 124 Stat. 119, 260 (2010) ............... 11, 12

# REGULATIONS

20 C.F.R. §718.204(c)(2) ...................................................................... 7

20 C.F.R. §718.305 (2015)............................................................... 13, 14

20 C.F.R. §718.305(e)(2011) .............................................................. 12

20 C.F.R. §802.101(b)(6)(2015) .......................................................... v

78 Fed. Reg. 59, 115 (Sept. 25, 2013).................................................. 13

## STATEMENT OF JURISDICTION

The Court has jurisdiction of this Petition for Review from a final decision of the United States Department of Labor ("DOL") Benefits Review Board ("BRB"). 33 U.S. §921(c)(2012). The claim before the Court was brought pursuant to the Black Lung Benefits Act of 1969, as amended ("BLBA" or "the Act"), 30 U.S.C. §§901-945, and was adjudicated under the procedures of the BRB and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §921(c); 20 C.F.R. §802.101(b)(6)(2015). The BRB decision was issued on June 29, 2015, and CMI timely filed its Petition for Review on August 26, 2015 within 60 days as required by 33 U.S.C. §921(c).

## STATEMENT OF THE ISSUES

I.    Whether the "15-Year Presumption" in the Act successfully was rebutted in this case?

II.   Whether claimant had coal workers' pneumoconiosis ("CWP")?

III.  Whether claimant's lung condition arose out of or in connection with coal mine employment?

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS BELOW

This is a black lung case. The general issue is whether CMI owes benefits under the BLBA to claimant Henry Cherry, III. There is no dispute in this case that claimant does not have CWP. However, benefits were awarded by the BRB based upon a statutory presumption. CMI asserts that the presumption was applied incorrectly. Thus, CMI petitions for review.

Record citations in CMI's brief are to the record filed by the agency. "DX" refers to a Director's Exhibit with the number of the exhibit and page number following. EX refers to an Employer's Exhibit, and CX refers to a Claimant's Exhibit. "ALJ Dec." refers to the ALJ's decision of July 10, 2014, and "BRB Dec." refers to the agency's appellate decision of June 29, 2015.

Claimant filed a claim for benefits under the BLBA on January 31, 2011. (DX 4). CMI contested the claim, and it proceeded to a trial before an administrative law judge on January 29, 2013. That ALJ, Judge Adele Higgins Odegard, found in favor of claimant on July 10, 2014. (ALJ Dec. at 30). CMI appealed, and the BRB affirmed on June 29, 2015. (BRB Dec. at 7). Because neither the trial judge nor the BRB correctly addressed the controlling presumption in this case, CMI filed a Petition for Review in this Honorable Court on August 26, 2015.

## II.    STATEMENT OF FACTS

### A.    <u>All of the Objective Evidence is Negative for CWP</u>

#### 1.    X-rays

CMI first will summarize claimant's medical evidence. There are three x-rays of claimant's lungs in this case. The first one was taken on July 10, 2006, and it was read as negative for CWP by B-reader Dr. P. H. Nath on July 14, 2006 and negative by B-reader Dr. A. R. Goldstein on October 16, 2006 as reflected in DOL's proposed decision and order dated March 5, 2007 in claimant's first black lung claim. (DX 1 at first claim DX 24). (DX 1 at first claim DX 12) (DX 1 at first claim DX 14).

The second x-ray was taken on May 5, 2011. (DX 18). It was read as negative for pneumoconiosis by B-reader Dr. A. Ahmed on June 10, 2011. (DX 12

at 18). It was read as negative by B-reader Dr. A. R. Goldstein on January 1, 2012. (DX 13 at 2).

The final x-ray was taken on November 28, 2011. (DX 13 at 6). That was read as negative by B-reader Dr. A. R. Goldstein on that same date. (DX 13 at 6).

### 2.    Biopsy Reports

The record contains three biopsy reports dated October 8, 2001, January 9, 2004, and February 23, 2005. (CX 2 at 39, 40, and 42-43). All three of these objective reports are negative for CWP.

### B.    Opinion of Treating Physician Dr. Jeanne Lipscomb

Claimant's medical history is contained principally in Claimant's Exhibits 1 and 2. Claimant has had three different cancers, cancer of the kidneys, cancer of the prostate, and cancer of the lungs. There is no mention in claimant's medical records of CWP. (CX 2 at 1).

Additional records reflecting claimant's medical history were subpoenaed and submitted by CMI at trial. (EX 3 - EX 6). One notable letter is from claimant's treating pulmonary physician of over ten years, Dr. Jeanne Lipscomb, dated November 28, 2007. (EX 6 at 2; CX 2). In that letter, Dr. Lipscomb states:

> I agree that he has significant underground coal mine exposure; however, his chest x-ray and CT scans show very little evidence of coal workers' pneumoconiosis. Therefore, in my opinion, his chronic obstructive

> pulmonary disease is most likely caused by his
> significant smoking history.

(EX 6 at 2; CX 2). Again, there are no historical medical records with any objective evidence whatsoever linking claimant's many medical problems to coal mine employment.

### C.     Testimony of Pulmonary Expert Dr. Allan R. Goldstein

Dr. Allan R. Goldstein performed an independent medical examination on November 28, 2011. (DX 13 at 3). Dr. Goldstein is a board-certified physician in pulmonary disease and internal medicine. (EX 1 at 1). He graduated from Ohio State University Medical School and completed his medical training at Mt. Sinai and University Hospitals in Cleveland and in the U.S. Navy. (EX 1 at 1). He has been in practice at Pulmonary Associates of the Southeast for 36 years. (EX 1 at 2). He is a B-reader, a special x-ray certification provided by the National Institute for Occupational Safety and Health (EX 1 at 1), and he has evaluated black lung claims regularly. (EX 1 at 3).

As part of his examination, Dr. Goldstein took an x-ray, dated November 28, 2011, on which he performed a B-read and concluded that the x-ray did not show changes consistent with CWP. (DX 13 at 5, 6). Dr. Goldstein also performed standard lung and blood gas studies and performed a physical examination. (DX 13 at 4).

Dr. Goldstein concluded based upon his examination that Claimant did not have CWP. (DX 13 at 5). His opinion was that Claimant's shortness of breath was consistent with his smoking history and loss of lung volume due to cancer surgery. (DX 13 at 5). In his report, Dr. Goldstein stated clearly:

> The findings on this [pulmonary function] study are consistent with smoking and loss of lung volume secondary to surgery. He does not have changes on x-ray that are consistent with coal workers' pneumoconiosis. It is my impression that this gentleman has hypertension, elevated cholesterol, gastroesophageal reflux disease, peripheral vascular disease, COPD, cancer of the lung, and reduction in lung volume due to his surgery. He also may have coronary disease…. (DX 13 at 5).

He makes these conclusions after considering claimant's work history. (DX 13 at 4).

### D.    Testimony of Pulmonary Expert Dr. William C. Bailey

Dr. William C. Bailey is a physician and pulmonologist and is employed at the University of Alabama in Birmingham. (EX 7 at 7-8). He testified by deposition which was taken on January 23, 2013. (EX 7). Dr. Bailey attended Washington and Lee University for college and Tulane University for medical school and is board certified in pulmonary disease and internal medicine. (EX 7 at 11-12). He has been practicing for over 40 years and has hundreds of publications. (EX 7 at 12 and Ex. 1 thereto). Dr. Bailey has seen and treated hundreds of miners with CWP and other lung diseases. (EX 7 at 13-14).

Dr. Bailey reviewed all of the available medical history on claimant. (EX 7 at 24-26). These included the multiple B-reader reports, summaries of pulmonary function studies, Dr. Goldstein's records and studies and B-reader reports, and records from the treating physicians. (EX 7 at 24-30). This January of 2013 review was the second time that Dr. Bailey had the opportunity to review claimant's medical information due to an earlier claim filed by claimant. Dr. Bailey's opinion had not changed from his 2007 report which is in the record at page 23 of Director's Exhibit 1. (DX 1 at 23).

Dr. Bailey concluded that claimant did not have CWP. (EX 7 at 32). He did conclude that claimant had multiple cancers. (EX 7 at 32). He also testified specifically that DOL's observation that at some point claimant had pleural changes was not indicative of CWP because patients always have some pleural changes after chest surgery. (EX 7 at 29-30). These pleural changes were temporary and went away. (EX 7 at 30 and Exhibit 2 thereto). Dr. Bailey specifically testified that he had reviewed claimant's employment history (EX 7 at 32-33), and he concluded that claimant's lung conditions were not related to coal mine employment. (EX 7 at 32).

### E.     Reports from Other Doctors

In the record is a form filled out by Dr. Joseph Barney. (DX 12). This form does not establish CWP in this case. (DX 12 at 4). Dr. Barney gives no explanation

whatsoever for his conclusions, whether it be reliance on medical records, physical examination, x-rays, or anything else. (DX 12 at 4). It is just a form. The only thing Dr. Barney states about causation is that claimant's disability is caused by "lung cancer 70%." Nothing is said about CWP or coal dust exposure at all as to the degree with which that contributes to claimant's disability. (DX 12 at 4).

Dr. Jeffrey Hawkins submitted a report. Likewise, this report does not support a finding of CWP. (CX 3). Dr. Hawkins does not opine that coal dust is a substantial contributory cause of claimant's condition but says only that his "dyspnea is caused by multiple factors." (CX 3 at 2). Dr. Hawkins's report certainly does not meet the causation standard in the regulations. 20 C.F.R. §718.204(c)(2). Nowhere in this one-page is letter any recitation of x-ray findings, pulmonary study results, biopsy results, or medical records or exams, or anything on which the letter supposedly is based. (CX 3 at 2). Additionally, the smoking history is off by over 13 years. (CX 3 at 2).

## III.    THE AGENCY'S DECISION

### A.    The ALJ

After trial, the ALJ concluded that claimant had 17 years and nine months of underground coal mine employment. (ALJ Dec. at 6). The ALJ further found that claimant is totally disabled. (ALJ Dec. at 18). Finally she found that claimant is totally disabled due to a respiratory or pulmonary condition. (ALJ Dec. at 18). As a

result of these three findings of fact, the ALJ concluded that the rebuttable 15-Year Presumption discussed in the argument section below applies to this claim. (ALJ Dec. at 19).

To be clear, CMI does not dispute those findings or this conclusion that the presumption applies. However, because CMI maintains, as it did at trial, that claimant does not have pneumoconiosis and that pneumoconiosis could not contribute to his disability, CMI asserts that the 15-Year Presumption was rebutted as contemplated by the statute.

After making the above findings and then turning to the rebuttal evidence, the ALJ considered the x-rays in the case. The ALJ recognized that all of the x-rays in this case were negative. (ALJ Dec. at 22). The ALJ then concluded that three biopsy reports were negative. (ALJ Dec. at 22). She then noted that <u>all</u> of the physicians who rendered opinions regarding claimant's condition cited his extensive smoking history as contributory to his pulmonary impairment. (ALJ Dec. at 23). Again, the ALJ concluded that this smoking history was 42 and a half pack years. (ALJ Dec. at 24).

After these conclusions, the ALJ, rather than looking at the preponderance of the expert medical opinion evidence as a whole, rather went through each medical opinion selecting isolated statements or portions of the opinions, seemingly to undermine the otherwise overwhelming evidence in the case. (ALJ Dec. at 25-29).

For example, the ALJ stated that Dr. Bailey failed "to quantify" claimant's smoking history but merely recognized that it was significant. (ALJ Dec. at 26). The record, of course, already demonstrated over 40 years of smoking history. (ALJ Dec. at 24). She then disregarded Dr. Goldstein's opinion because he misquoted the year of claimant's lung surgery and did not discuss one aspect of one of the pulmonary function tests. (ALJ Dec. at 27). In neither case did the ALJ note that the vast weight of the evidence leading to these doctors' conclusions of no CWP was consistent with all of the objective testing which failed to demonstrate the disease. (ALJ Dec. at 27).

After this method of discrediting these experts' opinions, the ALJ then found that the opinion of the DOL examining physician who saw claimant one time was "well-reasoned" even though he did not remotely explain how his conclusion of pneumoconiosis squares against completely negative x-rays and biopsies. (ALJ Dec. at 28). Based upon this methodology, the ALJ concluded that CMI failed "to adequately rebut the presumption." (ALJ Dec. at 29). In essence, the ALJ applied a no-evidence-whatsoever standard for an employer to meet in order to fulfill its rebuttal obligation rather than the preponderance of the evidence standard as contained in the law.

### B.   The BRB

On appeal to the BRB, CMI argued, as it does before the Court, that the ALJ's decision was not supported by substantial evidence. The BRB ruled against CMI in all respects. (BRB Dec. at 7). The BRB concluded that the ALJ had the discretion to discredit the two experts already discussed in the manner that she did. (BRB Dec. At 4-6). In other words, the ALJ did not have to consider the preponderance of the evidence but only had to pick out purported omissions from the expert's reports. (BRB Dec. at 4-6). The BRB, like the ALJ, never discussed the experts' opinions in light of the overwhelming objective evidence in this record that supports their opinions. (BRB Dec. at 4-6). In fact, the BRB did not address the reams of objective evidence at all. (BRB Dec. at 4-6).

## IV.   STANDARD OF REVIEW

Whether the 15-Year Presumption was rebutted is a question of fact for review by the Court under the Administrative Procedures Act, 5 U.S.C. §706. Because the BRB's conclusion on this issue is entitled to no deference by the Court, the Court reviews the ALJ's decision directly to determine whether it is "supported by substantial evidence in light of the entire record." U.S. Steel Mining, Co. v. OWCP, 386 F.3d 977, 984 (11th Cir. 2004); Lollar v. Alabama By-Products Corp., 893 F.2d 1358, 1261 (11th Cir. 1990). "'Substantial evidence' has been

defined as 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion.'" U.S. Steel, 386 F.3d at 984.

## SUMMARY OF ARGUMENT

The issue in this case is whether claimant is entitled to benefits under the so-called 15-Year Presumption reenacted in 2010 as part of the Patient Protection and Affordable Care Act ("PPACA"). More specifically, the issue is what must the employer show to rebut the presumption contained in this provision. CMI addresses the ALJ's findings in this brief and submits that if it ever is possible to rebut the 15-Year Presumption at all, then CMI rebutted it in this case.

Claimant has had multiple cancers including squamous cell carcinoma of the lung. (CX 7 at 1). Claimant smoked one and a half packs of cigarettes for 32 years (Tr. 21-22) and was found to have a 42.5 pack-year legal smoking history by the ALJ. (ALJ Dec. at 24). All of the objective evidence in the case remarkably is uniformly negative for CWP. Thus, CMI makes the same arguments here that it did before the agency, that is, claimant does not have CWP, and claimant's disabling respiratory condition is not related to CWP. Therefore, the presumption was rebutted.

**ARGUMENT**

## I.    THE 15-YEAR PRESUMPTION

Congress amended the BLBA Act in 1972 to include section 411(c)(4), sometimes known as the 15-Year Presumption, 30 U.S.C. §921(c)(4). This presumption, referred to herein as the "15-Year Presumption," could be invoked if the miner (1) "was employed for fifteen years or more in one or more underground coal mines" and (2) suffered from "a totally disabling respiratory or pulmonary impairment[.]" Id. If those criteria were met, the claimant invoked a rebuttable presumption that the miner "is totally disabled due to pneumoconiosis." Id. The presumption could be rebutted by demonstrating that the miner "does not, or did not, have pneumoconiosis" or that "his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." Id. This presumption lapsed in 1982. See 30 U.S.C. §921(c)(5); 20 C.F.R. §718.305(e)(2011).

Congress passed PPACA in 2010 and added into to this act the reenactment of the 15-Year Presumption. See Pub. L. No. 111-148, §1556, 124 Stat. 119, 260 (2010). The so-called Byrd Amendments reinstated the 15-Year Presumption for pending claims filed after January 1, 2005 such as this case now before the Court. See id., §1556(c), 124 Stat. 119, 260.

The entirety of the 15-Year Presumption now reads as follows:

[I]f a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis. In the case of a living miner, a wife's affidavit may not be used by itself to establish the presumption. The Secretary shall not apply all or a portion of the requirement of this paragraph that the miner work in an underground mine where he determines that conditions of a miner's employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine. The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine.

30 U.S.C. §921(c)(4).

The implementing regulation is 20 C.F.R. §718.305 (2015). See 78 Fed. Reg. 59, 115 (Sept. 25, 2013). The regulation tracks the statute. Under section 718.305, a claimant first must establish that he is totally disabled as defined in section 718.204. 20 C.F.R. §718.305(a). Thereafter, the claimant must establish that the cause of the disability is a disabling respiratory impairment. Id. If these elements are met, then a claimant establishes a rebuttable presumption of total disability due to pneumoconiosis. Id.

Under section 718.305 of the regulations, the presumption that a miner's disabling respiratory impairment is due to pneumoconiosis may be rebutted only by establishing that the miner does not or did not have pneumoconiosis as defined in section 718.201 or that no part of the totally disabling respiratory impairment is due to pneumoconiosis, as defined in section 718.201. 20 C.F.R. §718.305(d). To rebut the presumption, a party opposing entitlement must demonstrate that the miner does not suffer from either clinical or legal pneumoconiosis or that the impairment is unrelated either to clinical or legal pneumoconiosis. Id.

The burden of rebuttal falls on the employer. See Oak Grove Resources v. OWCP, 562 Fed. Appx. 836, 838 (11th Cir. 2014). To rebut the presumption that a totally disabling impairment is related to the miner's coal mine employment, the employer must "rule out any causal relationship between the miner's disability and his coal mine employment by a preponderance of the evidence." Colley & Colley Coal Co. v. Breeding, 59 Fed. Appx. 563, 567 (4th Cir. 2003)(quoting Stiltner v. Island Creek Coal Co., 86 F.3d 337, 339 (4th Cir. 1996).

Board decisions have emphasized that the trial court should assess all of the evidence of record relevant to rebuttal. Kanipe v. Peabody Coal Co., BRB No. 13-0512-BLA, 2014 WL 3388597 at 3 (June 11, 2014). For example, in Kanipe, because the ALJ considered all the x-ray evidence, CT scan evidence, and medical opinion evidence together, the ALJ's conclusion that the employer rebutted both

clinical and legal pneumoconiosis was affirmed. Id. at 6, 7. In Kanipe, the employer met this burden on this first rebuttal element even though there were conflicting x-ray readings which do not even exist in this case. Id. at 3. Likewise, the Board has held that an employer meets its 411(c)(4) rebuttal burden with the "did not arise out of, or in connection with" element when the employer's expert opinions "had a more comprehensive documentary foundation upon which to develop their opinions than [the DOL examiner] who relied solely on his one pulmonary examination." Moore v. Clinchfield Coal Co., BRB No. 13-0525-BLA, 2014 WL 3388599 at 4-5 (June 5, 2014).

As discussed next, the situation in the case before the court is just like Kanipe and Moore. First, CMI will address the first avenue of rebuttal, existence of CWP, and then it will address the second avenue of rebuttal, causation.

## II.    CMI'S REBUTTAL AS TO THE EXISTENCE OF CWP

CMI's rebuttal argument on the existence of CWP is that the preponderance of evidence overwhelmingly proves that claimant does not have it. Claimant has lung cancer. He smoked cigarettes for over 40 years. The cigarette warning label required by the Surgeon General of the United States reads as follows:

> Smoking Causes Lung Cancer, Heart Disease, Emphysema, And May Complicate Pregnancy.

15 U.S.C. §1333(a). All of the objective evidence and the opinions of a treating physician as well as two highly credentialed experts all reached the same conclusion which is consistent with this warning of the Surgeon General. CMI asserts that it has met its rebuttal standard in this case.

In this appeal, CMI must show that findings below were not supported by substantial evidence or were irrational or were not in accordance with law. 33 U.S.C. §921(b)(3); 30 U.S.C. §932(a); <u>Moore</u>, 2014 WL 3388599 at 2. More specifically, CMI must show that the ALJ's conclusion that the preponderance of evidence did not support CMI's rebuttal burden is not supported by substantial evidence. Because the evidence actually relied upon by the ALJ was totally insubstantial in light of all the objective evidence and the expert opinions, CMI asserts that it more than adequately has met its standard of review on appeal. There cannot be another case under the 15-Year Presumption in which the rebuttal evidence is so strong.

CMI urges the Court to consider the weight – the preponderance – of the evidence in this case. There are years of treatment records. Claimant was treated for multiple cancers, including lung cancer. He had very serious lung surgery. His doctors do not diagnose him with CWP. He had multiple types of objective tests done, all of which are given great weight in these proceedings when they are positive (those tests are given great weight even when those tests are barely

positive). Here, they all were negative. The disease is clear, and it was agreed upon by every doctor involved in this case.

## III.    CMI'S REBUTTAL AS TO CAUSATION

CMI rebuttal argument as to causation is related. That is, all of the x-rays, the biopsy reports, a treating physician's records, and the opinions of two board-certified pulmonary experts demonstrate that claimant does not have CWP. Claimant's multiple lung problems were the result of cancer from his extensive smoking history and were not the result of conditions related to his employment.

As to causation, the ALJ relied upon the DOL treating physician who stated that claimant's impairment was 70 percent due to the smoking history. (ALJ Dec. at 28; DX 12 at 4). She found that this was a well-reasoned opinion despite the fact that he saw claimant only once, did not consider his past x-rays, did not consider biopsy reports, and did not consider the medical records of previous treating physicians. (ALJ Dec. at 28). He did not even indicate how much of claimant's disability somehow was related to work and not smoking. (DX 12 at 4).

CMI's argument as to the second avenue of rebuttal is that the overwhelming evidence – certainly the preponderance of it – demonstrates that claimant's disability is the result of cancer from smoking. All of the doctors said it, and all of the objective evidence supports it. There is nothing other than "passing mention" – totally without explanation – of a connection to coal mine work in the

case despite <u>years</u> of records. Finally, this is not a case involving a lung disease "of unknown origin" which thereby would defeat CMI's attempt at rebuttal of the presumption.

No doubt claimant was a coal miner. <u>However, there is a scientifically proven alternative to CWP in this case.</u> It unfortunately and tragically is cancer from tobacco. CMI has met its burden under the second rebuttal element of the 15-Year Presumption because claimant's disability was due in no part to CWP.

## IV.  CONCLUSION

Because the evidence unequivocally shows that claimant had lung cancer caused by smoking and not CWP related to his employment, and because claimant's disability is due in no part to his coal mining employment, CMI has met its rebuttal burden in this case. Indeed, if there ever was a case in which the 15-Year Presumption could be rebutted, this is that case. Therefore the agency's decision is not supported by substantial evidence. For these reasons, the award of benefits should be reversed, and the claim for benefits should be denied.

Respectfully Submitted,

John W. Hargrove

Attorney for Petitioner
Chevron Mining, Inc.

OF COUNSEL:

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief of Petitioner Chevron Mining, Inc., which was filed by first-class United States mail and electronically, has been served upon

John R. Jacobs, Esquire
Maples Tucker & Jacobs, LLC
2001 Park Place North, Suite 501
Birmingham, Alabama 35203
*Electronic & U. S. Mail*

Ann Marie Scarpino, Esquire
U.S. Department of Labor
Office of the Solicitor
Suite N-2119, NDOL
200 Constitution Avenue Northwest
Washington, D.C. 20210
*Certified Mail*

Alexander Franklin Smith
Office of Administrative Law Judges
Techworld Plaza
800 K. Street Northwest
Washington, D.C. 2001
*U. S. Mail*

Rae Ellen James, Esquire
Associate Solicitor
U. S. Department of Labor
Suite N-2117, NDOL
200 Constitution Avenue Northwest
Washington, D.C. 20210
*U. S. Mail*

Mr. Michael Chance
District Director
U.S. Department of Labor
Suite C-3515, NDOL
200 Constitution Avenue Northwest
Washington, D.C. 20010
*U. S. Mail*

Thomas O. Shepherd, Jr.
Clerk of the Appellate Boards
U.S. Department of Labor
Benefits Review Board
P.O. Box 37601
Washington, D.C. 20013-7601
*Certified Mail*

by directing same to their office addresses as indicated above, on this 10th day of November, 2015.

_____
OF COUNSEL